UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM H. CARTER, JR.,

   Plaintiff,

  -v-

KARL FRANKOVICH, Esq.,

   Defendant.

DECISION AND ORDER
09-CV-0107A

---

  Plaintiff filed a complaint, *pro se*, alleging that the defendant, an attorney, committed malpractice in relation to a lawsuit against a local union alleging employment discrimination. Upon review of the complaint and plaintiff's application to proceed *in forma pauperis*, the Court granted plaintiff permission to proceed *in forma pauperis* and directed plaintiff to show cause why the complaint should not be dismissed for lack of subject matter jurisdiction over plaintiff's state common law claim of attorney malpractice. (Docket No. 3, Order, at 1 (citing *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001) (noting that while a district court may dismiss a case *sua sponte* for lack of subject matter jurisdiction, court must generally provide plaintiff with notice and opportunity to respond prior to dismissal); *Wachtler v. County of Herkimer*, 35 F.3d 7, 82 (2d Cir. 1994) (same)).

  Plaintiff has now filed a response to the Court's Order which argues that the Court has jurisdiction over this matter because it is "a [c]ivil and a [c]onstitutional matter, which makes [this Court] the proper Court to seek relief and [d]iversity of [c]itizenship, pursuant to 28 U.S.C. [§] 1332(a)." (Docket No. 4, Answering Affidavit). The response also sets forth further facts which

plaintiff submits support his claims that defendant was "[i]neffective as [his] Counsel and did [sic] Malpractice in potential lawsuit against Local Union #91 in Niagara Falls, New York." (*Id.*)

It is clear from the complaint and the exhibits attached to plaintiff's response to the Court's Order that plaintiff resides in New York and that defendant also resides and works in New York. Plaintiff does not even attempt to allege that he and the defendant are "citizens of different states" under 28 U.S.C. § 1332(a). Accordingly, plaintiff's complaint must be dismissed. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS HEREBY ORDERED that plaintiff's complaint is dismissed without prejudice;

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied.

FURTHER, that the Clerk of the Court is directed to forward a copy of this Order to defendant Karl Frankovich, 781 Cayuga Street, Suite #, P.O. Box 1314, Lewiston, New York 14092, because it appears that plaintiff has forwarded to him a copy of the response to the Court's Order.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: May 1, 2009
Rochester, New York